# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIMORTGAGE, INC., a New York corporation,<br><br>Plaintiff,<br>v.<br>CANDIDA MOBLEY WRIGHT (A/K/A DARCI CANDIDA MOBLEY A/K/A CANDIDA WRIGHT A/K/A CANDIDA MOBLEY), as an individual and as trustee for the Wright Revocable Family Trust and as co-trustee for the Candida Mobley Revocable Trust; BENNY HARRIS, an individual; ANGELLINE FAAPUTU AFO, an individual; TONY RUMFORD, an individual; JIMMY LEE NICHOLAS, as co-trustee for the Candida Mobley Revocable Trust; MARIA NAVARRO, as co-trustee for the Candida Mobley Revocable Trust; JULES HOWARD, JR., an individual; TONIA FRANKLIN (A/K/A TANIA FRANKLIN), an individual; DURELL COLEMAN, an individual, BARBARA DONAHUE, an | Case No.: 2:16-cv-2920-DSF-FFMx<br><br>**FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B) AGAINST DEFENDANT BARBARA DONAHUE** |

1

individual; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD UPON PLAINTIFF'S TITLE THERETO; and DOES 1-50, inclusive,

    Defendants.

After consideration of the papers in support of and in opposition to Plaintiff CitiMortgage, Inc.'s ("CitiMortgage") Motion for Summary Adjudication Against Defendant Barbara Donahue ("Donahue"); the papers in support of and in opposition to Donahue's Request for Reconsideration as to Order on Motion for Summary Judgment; and CitiMortgage's Request for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b), this Court expressly determines that there is no just reason for delay in entering final judgment in favor of CitiMortgage as to its First, Second, and Sixth Causes of Action against Donahue relating to the property at issue in this litigation ("Property"), which is commonly known as 15523 Collina Strada Street, Los Angeles, California 90077, and is legally described as:

> Lot 18 of Tract No. 25625, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in book 834 pages 93 to 96 of maps, in the Office of the County Recorder of said county.
>
> Except therefrom all oil, gas, minerals, and other hydrocarbon substances lying below a depth of 500 feet, but with no right of surface entry, as provided in deed recorded June 9, 1976 as Instrument No. 524, Official Records.

Entry of final judgment under Rule 54(b) is appropriate at this time, because CitiMortgage's claims against Donahue are based on a discrete set of facts, are separable from CitiMortgage's claims against the other defendants in this action, and

would not result in piecemeal appeals. In addition, entry of final judgment will eliminate any uncertainty as to the whether CitiMortgage's claims against Donahue have been finally resolved, and confirm the finality of the Court's Order Granting CitiMortgage's Motion for Summary Adjudication.

**IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:**

- Final judgment is entered in favor of CitiMortgage's First, Second, and Sixth Causes of Action as against Donahue.
- CitiMortgage is entitled to quiet title of the Property as against Donahue.
- Donahue's "Notices of Lis Pendency Action," 2/3/12 Notice of Levy, and 12/7/12 Notice of Levy are void and are cancelled. These include the following documents:
    - Instrument No. 20120300015: "NOTICE OF LIS PENDENCY ACTION," recorded on February 24, 2012.
    - Instrument No. 20120481458: "NOTICE OF LIS PENDENCY ACTION," recorded on March 29, 2012.
    - Instrument No. 20120481459: "NOTICE OF LIS PENDENCY ACTION," recorded on March 29, 2012.
    - Instrument No. 20120748670: "NOTICE OF LIS PENDENCY ACTION," recorded on May 18, 2012.
    - Instrument No. 20120198687: "Notice of Levy under Writ of Execution," recorded on February 3, 2012.
    - Instrument No. 20121889912: "Notice of Levy under Writ of Execution," recorded on December 7, 2012.
- None of the documents Donahue has recorded against the Property, including the "Notices of Lis Pendency Action" and "Notices of Levy under Writ of Execution," has ever given Donahue priority over CitiMortgage's current lien interest based on the Deed of Trust, Instrument No. 20070994221, recorded on April 25, 2007 (which was assigned to CitiMortgage by Instrument No.

20110665182, recorded on May 11, 2011).

- The documents Donahue has recorded against the Property, including the "Notices of Lis Pendency Action" and "Notices of Levy under Writ of Execution," are legally invalid, are not liens, and did not attach to the Property.
- Donahue has no interest in the Property at issue.

DATED: 3/20/18

*Dale S. Fischer*

Dale S. Fischer
United States District Judge