# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIMORTGAGE, INC., a New York corporation,<br><br>Plaintiff,<br>v.<br>CANDIDA MOBLEY WRIGHT (A/K/A DARCI CANDIDA MOBLEY A/K/A CANDIDA WRIGHT A/K/A CANDIDA MOBLEY), as an individual and as trustee for the Wright Revocable Family Trust and as co-trustee for the Candida Mobley Revocable Trust; BENNY HARRIS, an individual; ANGELLINE FAAPUTU AFO, an individual; TONY RUMFORD, an individual; JIMMY LEE NICHOLAS, as co-trustee for the Candida Mobley Revocable Trust; MARIA NAVARRO, as co-trustee for the Candida Mobley Revocable Trust; JULES HOWARD, JR., an individual; TONIA FRANKLIN (A/K/A TANIA FRANKLIN), an individual; DURELL COLEMAN, an individual, BARBARA DONAHUE, an individual; ALL PERSONS | Case No.: 2:16-cv-2920-DSF-FFMx<br><br>**AMENDED FINAL JUDGMENT ON CAUSES OF ACTION BETWEEN PLAINTIFF CITIMORTGAGE, INC. AND DEFENDANT CANDIDA MOBLEY WRIGHT** |

| | |
|---|---|
| 1 | UNKNOWN, CLAIMING ANY |
| 2 | LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR |
| 3 | INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT |
| 4 | ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD UPON |
| 5 | PLAINTIFF'S TITLE THERETO; and DOES 1-50, inclusive, |
| 6 | |
| 7 | Defendants. |

Plaintiff CitiMortgage, Inc. ("CitiMortgage") and Defendant Candida Mobley Wright (a/k/a Darci Candida Mobley a/d/a Candida Wright a/k/a Candida Mobley), as an individual and as trustee for the Wright Revocable Family Trust and as co-trustee for the Candida Mobley Revocable Trust ("Mobley") (CitiMortgage and Mobley are jointly referred to herein as the "Parties") having stipulated to entry of final judgment in this matter relating to the property at issue ("Property"), which is commonly known as 15523 Collina Strada Street, Los Angeles, California 90077, and is legally described as:

> Lot 18 of Tract No. 25625, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in book 834 pages 93 to 96 of maps, in the Office of the County Recorder of said county.
>
> Except therefrom all oil, gas, minerals, and other hydrocarbon substances lying below a depth of 500 feet, but with no right of surface entry, as provided in deed recorded June 9, 1976 as Instrument No. 524, Official Records.

The Court finds that entry of final judgment as to the causes of action between CitiMortgage and Mobley is appropriate pursuant to Federal Rule of Civil Procedure 54(b). Specifically, entry of final judgment pursuant to the Parties' Stipulation for Entry of Final Judgment Between Plaintiff CitiMortgage, Inc. and Defendant Candida Mobley Wright ("Stipulation") will eliminate uncertainty as to whether the claims at issue between the Parties have been finally resolved. Entry of final judgment will also facilitate the Parties' ability to carry out the terms of their agreement as set forth in their

Stipulation, including to commence foreclosure proceedings, as needed. Entry of final judgment will not result in duplicative proceedings or a scattershot disposition of this litigation. Mobley is the prime defendant in this litigation, and is the only non-defaulting defendant against whom CitiMortgage has claims that have not yet been adjudicated. Entries of default have already been entered against all defendants with open claims. Dkt. No. 145. The defaulting parties have not participated in this litigation. Following this judgment, CitiMortgage will seek default judgment against those parties CitiMortgage has obtained a Judgment on its claims against Barbara Donahue, the only other remaining defendant. Dkt. No. 205.

Based on the Parties' Stipulation for Entry of Final Judgment (attached as **Exhibit A** to this Final Judgment), and because there is no just reason for delay in entering a final judgment under Rule 54(b) as to the matters between the Parties, **IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:**

1. The 2007 Deed of Trust, recorded on April 25, 2007 in the Official Records, Recorder's Office, Los Angeles County, California as Instrument 20070994221, encumbers 100% of the Property ("2007 Deed of Trust").

2. CitiMortgage was assigned all beneficial interest and all rights accrued or to accrue through an Assignment of Deed of Trust ("Assignment"). The Assignment was recorded on May 11, 2011 with the Official Records, Recorder's Office, Los Angeles County, California as Instrument No. 20110665182.

3. Judgment is entered against Mobley as to CitiMortgage's quiet title cause of action. As against Mobley, the 2007 Deed of Trust held by CitiMortgage has encumbered 100% of the Property since April 25, 2007.

4. Judgment is entered against Mobley as to CitiMortgage's declaratory relief cause of action. As against Mobley, CitiMortgage holds a first position lien against 100% of the Property pursuant to the 2007 Deed of Trust.

5. Judgment is entered against Mobley as to CitiMortgage's cancellation cause of action. Deeds granting interest in the Property by or to Mobley that purport to establish an interest senior to CitiMortgage's lien interest, are cancelled and invalid.

6. The Grant Deed conveying the Property from Howard to Mobley, which was recorded in the Official Records, Recorder's Office, Los Angeles County, California on November 2, 2009 as Instrument No. 20091651658, is cancelled and invalid.

7. The Fractional Grant Deeds, as described in the Recitals of the Parties' Stipulation attached as **Exhibit A** hereto, are cancelled and invalid. Mobley did not intend to convey an ownership interest to the parties holding the Fractional Grant Deeds, and did not receive consideration for the Fractional Grant Deeds.

8. CitiMortgage has the right to commence foreclosure proceedings any time on or after the date the Parties' Stipulation was filed, including recording a Notice of Default and Notice of Sale. Mobley will not, in any capacity, contest the foreclosure.

9. The Parties may cause this Final Judgment to be recorded with the Los Angeles County Recorder's Office.

IT IS SO ORDERED.

DATED: 3/27/18

Dale S. Fischer
United States District Judge